IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15 C 6651 |
| WANDA TORRENCE ) | |
| ) | Judge Robert W. Gettleman |
| Debtor. ) | |
| _____ ) | |
| ) | |
| WANDA TORRENCE, ) | Appeal from the United States |
| ) | Bankruptcy Court for the |
| Plaintiff/Appellant, ) | Northern District of Illinois |
| v. ) | |
| ) | Bankruptcy Case No. 14-34470 |
| COMCAST CORPORATION, ) | Adversary No. 15 A 291 |
| ) | |
| ) | |
| Defendant/Appellee. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff/appellant Wanda Torrence has appealed from a final order of the bankruptcy court dismissing her second adversary action against defendant Comcast Corporation (15 A 291) for failure to state a claim and lack of subject matter jurisdiction.[1] The court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1). For the reasons described below, plaintiff's appeal is denied and the decision of the bankruptcy court is affirmed.

## BACKGROUND

Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 23, 2014 (the "petition date"). Schedule F to the petition listed a debt owed to

---

[1]Plaintiff, acting pro se in both the bankruptcy court and this court, attempts to appeal the final order entered in her first adversary action against defendant (15 A 76) but, as defendant notes, final judgment in that action was entered on April 24, 2015, and the case was closed on June 10, 2015. No notice of appeal was filed in that action, leaving this court without jurisdiction to review any orders issued in that case.

defendant in the amount of $364 incurred in June 2012.  On November 3, 2014, plaintiff filed an amended Schedule F listing defendant as the only creditor with an amount owing of $325.83 for charges incurred "August 2014 - November 2014."

Shortly after the petition date, defendant credited plaintiff's account in the amount of $328.30 for charges for service provided to plaintiff prior to the petition date.  It reached that amount by taking the total amount listed due on plaintiff's account as of September 22, 2014, which included services for September 1 through October 1, 2014, because defendant bills in advance, and subtracting the pro rata amount for services rendered after the petition date until October 1.

On November 10, 2014, the Chapter 7 Trustee filed a Report of No Distribution, stating that there were no assets to administer in plaintiff's case.  On January 6, 2015, the bankruptcy court entered an order granting a discharge.  The bankruptcy court closed the bankruptcy case on January 9, 2015, and discharged the Chapter 7 Trustee.

Although there was no longer a bankruptcy case pending, plaintiff filed her first adversary complaint against defendant (15 A 76) on February 3, 2015, alleging violations of the automatic stay, the Fair Debt Collection Practices Act ("FDCPA"), and asserting a claim for injunctive relief.  Plaintiff filed an amended complaint on February 25, claiming a violation of the automatic stay, violation of the FDCPA, intentional infliction of emotional distress ("IIED"), and a violation of the Federal Fair Credit Billing Act ("FCBA").

Defendant moved to dismiss the first adversary action arguing: that the bankruptcy case had already been closed, leaving the court without jurisdiction; plaintiff had failed to serve defendant properly; and that the complaint failed to state a claim.  The court held a hearing on

March 20, 2015. The court first ordered that the bankruptcy case be re-opened so the adversary complaint could be considered "related thereto." The court then noted that to the extent that plaintiff was asserting a violation of the stay or discharge injunction, she did not need an adversary complaint, but could proceed by way of a motion. Therefore, the court concluded that plaintiff did not need to serve summons to assert that claim. The court scheduled an evidentiary hearing on that claim only, directing defendant to bring its billing records and a witness to verify them. The court did not address plaintiff's other claims because of defendant's challenge to service.

At the hearing, defendant submitted records showing what amount was listed as due on the last billing statement issued prior to the petition date, and argued that a portion of that amount was for service to be provided post-petition. The court rejected that argument, holding that defendant had violated the automatic stay by not crediting plaintiff with the entire amount on the billing statement issued to plaintiff pre-petition. Specifically, the court found that defendant should have credited plaintiff's account with an additional $36.28. In reaching its decision, the court rejected plaintiff's argument that defendant had violated the automatic stay by attempting to collect amounts due for services provided in October and November 2014, which she had listed in her amended Schedule F. The court explained that only the amounts due on the petition date were discharged, and that because she continued to use defendant's services after the petition date, she could be charged for those services. The court then gave the parties two weeks to try to settle the matter.

Because no settlement was reached, on April 24, 2015, the bankruptcy court entered a final judgment awarding plaintiff $36.28 in compensatory damages and $181.40 in punitive

3

damages. The court set a hearing date of June 1, 2015, for proof of payment. On June 1, defendant submitted proof that it had credited plaintiff's account in the amount of $217.68 in satisfaction of the judgment. The court then dismissed without prejudice plaintiff's remaining claims for failure to properly effect service and lack of personal jurisdiction. Neither party appealed the final order, and a satisfaction of judgment was entered.

Plaintiff filed her second adversary complaint (15 A 291) against defendant on May 1, 2015, and filed an amended complaint four days later. The second adversary action, which was based predominantly on the same facts raised in the first adversary action, asserted claims for: (I) violation of the FDCPA; (II) violation of the discharge injunction; (III) violation of the FCBA; (IV) IIED; (V) breach of contract; (VI) fraud; and (VII) violation of the Fair Credit Reporting Act ("FCRA").

Defendant moved to dismiss the second adversary action on June 3, 2015. Plaintiff filed a written response. On June 26, 2015, the court issued a memorandum opinion dismissing Count II (asserting a violation of the discharge injunction) for failure to state a claim, and dismissing the remaining counts for lack of subject matter jurisdiction. In that opinion, the court first concluded that none of the federal or state law counts (except Count II) arise under the Bankruptcy Code because they were not created or determined by a provision of the code. The court next determined that none of the claims "arise in" bankruptcy, because none involved "administrative matters" and all could exist outside the bankruptcy system. Finally, the court concluded that none "related to" the bankruptcy because the Chapter 7 Trustee had filed a no asset report and all of the complained of conduct occurred post-petition, so any recovery would

4

not become part of the bankruptcy estate. The court thus dismissed those Counts (I, III-VII) without prejudice for lack of subject matter jurisdiction.

The court next determined that it had jurisdiction over Count II because the discharge injunction arises under § 524(a)(2) of the Bankruptcy Code. The count failed to state a claim, however, because it advanced the same arguments already rejected by the court that defendant was violating the discharge injunction by seeking to collect payment for charges incurred post-petition between August 2014 through November 2014. Because the post-petition portions of those debts were not discharged, the complaint failed to state a claim for violation of the discharge injunction. The court dismissed Count II without prejudice to give plaintiff an opportunity to amend.

Instead of amending, on July 2, 2015, plaintiff moved for reconsideration, arguing that all of her claims were "related to" her bankruptcy case, and that there was a change in circumstances when defendant sent her a new bill on June 30, 2015. She amended her motion four days later arguing that the stay and discharge violations continued into May, June, and July 2015, and that they were still happening and not subject to res judicata. Plaintiff's motion characterized the court's previous order as mean and mocking her disability.[2] Plaintiff also filed

---

[2]Plaintiff has difficulty hearing. Her briefs in the instant appeal repeatedly allege that the bankruptcy judge acted inappropriately, mocked her disability, and took argument knowing that she could not hear what was being said. This court has reviewed the transcripts of all of the hearings in both adversary actions and they do not support plaintiffs allegations. Although there were some problems with the court's sound system, the record reflects that the judge made every effort to accommodate plaintiff to ensure that she could and did participate. The only time the judge admonished plaintiff was when she continually interrupted the court's oral ruling. At that time the judge directed plaintiff to sit at the counsel table and listen. The judge issued a similar admonishment to defendant's counsel, but because counsel complied he was allowed to remain at the podium.

5

a second amended adversary complaint raising the same claims as in the first amended complaint, but in different numerical order. Defendant filed a written response to the motion, again pointing out that plaintiff's argument stemmed from her fundamental misunderstanding of the scope of the automatic stay and discharge injunction.

The court held a hearing on July 23, 2015. At that hearing, plaintiff orally confirmed that she was not asserting any new factual events that happened before the petition date. The court again explained that it had no jurisdiction over post-petition charges and that the only claim that she could assert was that defendant was attempting to collect a pre-petition debt. Because she had no evidence of that, the court denied the motion for reconsideration and dismissed the second amended complaint.

## DISCUSSION

I.  Standard of Review

This court's review of the bankruptcy court's dismissal of Count II of the adversary complaint for failure to state a claim is de novo. Zedan v. Habash, 529 F.3d 398, 403 (7th Cir. 2008); General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074 (7th Cir. 1997). The bankruptcy court's decision that it lacked subject matter jurisdiction over Counts I and III-VII is a conclusion of law that is also reviewed de novo. In re: Midway Airlines, Inc., 383 F.3d 663, 668 (7th Cir. 2004). The court reviews the bankruptcy court's decision to deny a motion for reconsideration for abuse of discretion. Spirk v. Sullivan, 2003 WL 22048077 at *7 (N.D. Ill. August 28, 2003) (citing Popovits v. Circuit City Stores, Inc., 185 F.3d 726, 730 (7th Cir. 1999)). "Such abuse exists only in situations in which no reasonable person could agree with the [lower] court." Id.

6

II. Count II

The bankruptcy court dismissed plaintiff's claim for violation of the discharge injunction for failure to state a claim. Such a motion tests the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). The court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor. Sprint Spectrum, L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). The complaint must allege facts that, if true would raise a right to relief above the speculative level, showing that the claim is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To be plausible on its face, the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Both the amended and second amended complaints assert claims for violation of the discharge injunction. A discharge "operates as an injunction against the commencement or continuation of an action . . . or an act to collect, recover or offset any such debt as personal liability of the debtor, whether or not discharge of such debt is waived . . .." 11 U.S.C. § 524(a)(2). The Bankruptcy Code only "discharges the debtor from all debts that arose before the date of the order for relief under this chapter." 11 U.S.C. § 727(b).

The complaints appear to allege that defendant violated the injunction by issuing plaintiff bills for charges incurred for services received post-petition. As the bankruptcy court correctly concluded, those charges were not subject to discharge and thus cannot form the basis of a claim for violation of the discharge. Id. Consequently, as the bankruptcy court noted, plaintiff's claim must be limited to allegations that defendant failed to properly credit her for the full amount of

7

her pre-petition debt. To the extent that the complaint can be read to include such a claim, it is based on the exact same acts that were litigated in the first adversary action for violation of the automatic stay, resulting in the $36.28 compensatory and $181.40 punitive damage award to plaintiff that the court subsequently found had been satisfied. Because plaintiff did not appeal that order, it is a valid and final judgment on the merits. Therefore, any claim in the second adversary action that defendant failed to properly credit plaintiff and is attempting to collect pre-petition debt is barred by res judicata. Brown v. Felsen, 442 U.S. 127, 131 (1979).

III.    Counts I, III through VII

Counts I, and III through VII of the amended complaint[3] assert claims for: (I) violation of the FDCPA; (III) violation of the FCBA; (IV) IIED; (V) breach of contract; (VI) fraud; and (VII) violation of the FCRA. The bankruptcy court dismissed these claims for lack of subject matter jurisdiction.

Bankruptcy courts are courts of limited jurisdiction. The Bankruptcy Code provides that "the district court [and the bankruptcy court by delegation] shall have original and exclusive jurisdiction of all cases under Title 11 and ". . . original but not exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." 28 U.S.C. § 1334(a), (b).

"All cases under Title 11," as used in the Code, refers to the main bankruptcy proceeding, not adversary proceedings. Claims "arising under Title 11" depend on a right "created or determined by a statutory provision of Title 11." In re: Repository Technologies, Inc., 601 F.3d

---

[3]Plaintiff's second amended complaint contains the same counts although in different numbers. For simplicity, the court refers to the first amended complaint.

710, 719 (7th Cir. 2010). Plaintiff's claims for violations of the FDCPA, FCBA, and FCRA arise under Title 15 of the United States Code, and her claims for fraud, breach of contract and IIED arise under state law. None of the claims depend on a right created by a statutory provision of Title 11, and none fall within the bankruptcy courts "arising under jurisdiction." Id.

Civil proceedings "arising in" cases under Title 11 are "administrative matters that arise only in bankruptcy cases." Id. (Emphasis in original). Claims "arising in" bankruptcy include "such things as administrative matters, orders to turn over property of the estate, and determinations of the validity, extent, or priority of liens." Id. "A proceeding 'arises in' bankruptcy only if it has no existence outside of the bankruptcy." Id.

None of plaintiff's six remaining federal and state law claims fall within "arising in" jurisdiction. None involve administrative matters, none focus on the bankruptcy case, and all exist independent of the bankruptcy proceeding.

A proceeding is "related to" the bankruptcy only "if it affects the amount of property available for distribution or the allocation of property among creditors." Matter of Xonics, Inc.. 813 F.2d 127, 131 (7th Cir. 1987). "Related to" jurisdiction does not exist where a discharge has been granted and no assets remain to be administered. In re Smith, 2012 WL 1565454, *4 (Bank. S.D. Ind. May 2, 2012).

In the instant case, the Chapter 7 Trustee filed a no-asset report in November, 2014, a discharge was entered in January 2015, and the bankruptcy case was closed in January 2015. As the bankruptcy court noted, any recovery by plaintiff on her claims, which are all based on post-petition conduct, would not become part of the bankruptcy estate, the court lacked "related to" jurisdiction.

9

Consequently, the court concludes that the bankruptcy court correctly determined that it lacked subject matter jurisdiction over plaintiff's claims in Counts I, III through VII of the amended complaint.

IV.     Plaintiff's Motion for Reconsideration

This court reviews the denial of plaintiff's motion for reconsideration for abuse of discretion. Spirk, 2003 WL 22048077 at *7. The bankruptcy court correctly determined that the motion for reconsideration presented nothing new and it was simply a rehash of plaintiff's position that she should not be receiving any bills from defendant even for post-petition services. The bankruptcy court's decision is certainly not one with which no reasonable person could agree. Id. Consequently, the motion for reconsideration was properly denied.

## CONCLUSION

For the reasons described above, the decision of the bankruptcy court is

**AFFIRMED**.


**ENTER:      June 9, 2016**

_____
**Robert W. Gettleman
United States District Judge**